# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| PAUL STEPHENSON,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:09-CV-905-CW-SA<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Samuel Alba** |

Before the court is a motion to dismiss filed by Defendant, Federal Bureau of Investigation (hereafter "FBI"). (Doc. 5.) Having carefully considered this motion, the court recommends that it be granted and that the case be dismissed.

## BACKGROUND[1]

*Pro se* plaintiff Paul Stephenson, who is proceeding *in forma paueris*, filed his complaint in this action on October 23, 2009, and the case was assigned to United States District Judge Clark Waddoups. (Doc. 1-3.) On December 11, 2009, Defendant filed its motion to dismiss. (Doc. 5.) On December 15, 2009, Judge Waddoups referred the case to United States Magistrate

---

[1] Although Plaintiff is *pro se*, he is not new to this court, as he has filed at least six other *pro se* actions in this court, three in the early 1990s, and three more in the last five years, all under the *in forma pauperis* statute. *See* 2:90-CV-530-DS; 1:92-CV-50-DKW; 1:93-CV-126-JTG; 2:04-CV-346-DAK; 1:06-CV-117-DAK; 2:09-CV-987-TC.

Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). There has not been any action in the case since it was referred to Magistrate Judge Alba. Plaintiff has not responded to Defendant's motion to dismiss.

## ANALYSIS

Plaintiff's complaint is short and very confusing. Plaintiff is apparently seeking some sort of unspecified record he thinks the FBI has under his name which–among other items not made clear–supposedly contains formulas for a number of miracle cures and/or prophetic forecasts for avoiding crimes and accidents he wishes to be able to announce to the world or galaxy, as best as can be deciphered from his very cryptic and rather unintelligible complaint. *See* Doc. 3. Plaintiff's complaint cites no law giving rise to a cause of action (although presumably Plaintiff is seeking a release of documents under the Freedom of Information Act (hereafter "FOIA")) and not enough intelligible facts for the proper processing of a FOIA request or to adequately guide this court in reviewing any claimed merits of his complaint under FOIA, in the absence of any other implied basis for review. The complaint does not even make clear any specific claim for relief, although its title implies it seeks release of a file not adequately described.

Defendant has filed its motion to dismiss under Fed. R. Civ. P. 12(b)(6), either for Plaintiff's failure to properly exhaust his administrative remedies under FOIA, or alternatively, on the ground that the complaint is too implausible and too unintelligible to state an actionable claim for relief under Fed. R. Civ. P. 8(a) or that it fails to meet the requirements of 28 U.S.C. §

1915(e)(2)(B)(i)&(ii), applicable to complaints filed *in forma pauperis*. The court addresses each of these arguments and concludes that they all have merit.

### I. Failure to Exhaust Administrative Remedies

Defendant first argues that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies under FOIA. Before seeking relief in federal court, a party must "exhaust all administrative remedies" available under FOIA. *Taylor v. Appleton*, 30 F.3d 1365, 1367-68 (11th Cir. 1994) (citations omitted), *cited with approval in Roberts v. Paulson*, 263 Fed. Appx. 745, 747-48, 2008 WL 313685 at *2 (10th Cir. 2008). To make a proper request under FOIA, the requester must follow the agency's published regulations governing FOIA requests. *See* 5 U.S.C. § 552(a)(3). If a requester fails "to follow the procedures set forth in the [agency's] regulations, he has failed to make a proper request under the FOIA and therefore has failed to exhaust his administrative remedies." *Kessler v. United States*, 899 F.Supp. 644, 645 (D.D.C. 1995).

Plaintiff has failed to show that he made a proper request under FOIA. Nowhere in his complaint has Plaintiff alleged what he did to satisfy or exhaust any applicable administrative remedy requirements and, according to Defendant, in fact has not exhausted such required procedures.[2]

---

[2]According to Defendant, Plaintiff attempted to file and lodge his complaint with the court on October 7, 2009. (Doc. 3 notes.) That was one day before he had his signature notarized on his handwritten one-page cryptic record request to the FBI. (Doc. 7, Exhibit A.) After receipt of that record request, the FBI sent him a standard letter seeking more required information (including Plaintiff's date and place of birth and more information about the records he was requesting) to be able to process his file request under the Department of Justice's

3

Pursuant to the Department of Justice regulations for making FOIA requests, a request for records about a requester must verify the requester's identity by stating not only his or her full name and current address, but also that person's "date and place of birth." 28 C.F.R. § 16.41(d). Plaintiff entirely failed to provide either his date or place of birth. *Cf. Lee v. Dept. of Justice*, 235 F.R.D. 274, 285-86 (W.D. Pa. 2006) (dismissing FOIA claims against the FBI for failure of plaintiff to supply his birthplace and middle name as required under 28 C.F.R. § 16.41(d), even though plaintiff had provided his birth date and social security number).

Secondly, the Department of Justice regulations for making FOIA requests also require that a FOIA request must

> describe the records that you want in enough detail to enable Department personnel to locate the system of records containing them with a reasonable amount of effort. Whenever possible, your request should describe the records sought, the time periods in which you believe they were compiled, and the name or identifying number of each system of records in which you believe they are kept.

28 C.F.R. § 16.41(b). A quick review of the initial request to the FBI made by Plaintiff (Doc. 7, Exhibit A) shows that this adequate description requirement was not met, as there was no attempt to give any time period for compilation or name or number of any records system or indeed any other description adequate to make a records search feasible with reasonable effort.

The failure to comply with an agency's FOIA regulations is a failure to exhaust

---

published FOIA regulations. *See* 28 C.F.R. §16.41(b)&(d); Doc. 7, Exhibit B. Plaintiff never responded to that letter. (Doc. 7, at ¶ 6.) Thus, Plaintiff prepared, signed, and lodged his complaint with the court even before he submitted his file request to the FBI.

administrative remedies. *See Lee*, 235 F.R.D. at 285-86. Therefore, because Plaintiff failed to provide sufficient information required by law for the FBI to further process Plaintiff's bare incomplete request, he has failed to exhaust his administrative remedies and his complaint should be dismissed.

Plaintiff's failure to exhaust his administrative remedies should not be excused because of his *pro se* status.[3] The Supreme Court has noted that notwithstanding the risk that *pro se* parties may sometimes make fatal procedural errors, and that indulgence sometimes must be given to prisoners because of the unique circumstances of incarceration, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," as procedural rules are "based on the assumption that litigation is normally conducted by lawyers" who are fully able to understand and comply with exhaustion requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## II. Failure to Comply with Rule 8

As the Supreme Court made clear last May, the plausibility standard required for actionable pleadings under Rule 8(a), announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies to all civil actions. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). Under that plausibility standard, to survive a motion to dismiss, a complaint must be supported by well- pleaded allegations of facts (not just assertions of legal conclusions or threadbare

---

[3]The court notes that Plaintiff previously has been advised by this court, in at least one earlier action he filed, that failure to exhaust administrative remedies under FOIA was grounds for dismissing his case. (Case no. *Stephenson v. Federal Bureau of Investigation*, 1:06-CV-117-DAK, Doc. 7, 9.)

5

conclusory statements of elements of a legal claim parading as fact) that "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Plausibility requires less than a "probability" but "more than a sheer possibility that a defendant has acted unlawfully." *Id. (*citing *Twombly*, 550 U.S. at 556). Factual allegations merely consistent with liability which do not exclude other equally likely but legal scenarios are not enough. This standard is met where a court finds enough factual content in a complaint to allow the court "to draw the reasonable inference" that a defendant has acted unlawfully. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Only such plausible and well-pleaded factual allegations are entitled to be accepted as true for purposes of a motion to dismiss. *Id.* at 1949-50.

Here, this plausibility requirement of Rule 8 has not been met. Plaintiff's short and confusing complaint simply contains no such factual allegations that meet this plausibility standard. For example, the complaint appears to claim that the file sought was transferred by will to Plaintiff by his name and social security number from "Michial Nostradamos" (presumably the French physician and occult astrologer who lived from 1503-1566, born Michel de Notredame (or Nostredame), a name usually anglicized as Michael Nostradamus). It simply is not plausible that a person who lived more than 400 years before Plaintiff would have been able to identify and make such a bequest to Plaintiff "by [his] name and soc number" as alleged at the bottom of the complaint's first page, notwithstanding the prophetic prowess ascribed by some to Mr. Nostradamus.

Similarly, it is not plausible that any predictions by Nostradamus would be so specific as to enable a medical cure of a modern and very recently-diagnosed disease (AIDS), *see* Doc. 3, at 1, not even present or known in Nostradamus' lifetime, or to make avoidable modern "child petaphial [pedofile] abductions, seareal [serial] killens [killings] and Ceral [serial] Rapests [rapists]" and all the modern public transportation accidents as apparently claimed on the second page of the complaint. Further, it is equally implausible to anyone who understands leadership and succession in the Church of Jesus Christ of Latter-day Saints that Plaintiff will one day be "the LDS Church administrator" [a non-existent position in said Church under currently-used and generally-accepted terminology] as claimed on the second page of Plaintiff's complaint. Finally, it is also not plausible, even at this time of early space exploration, that even if such a file as that sought could be adequately identified and found, given the agency and mortally unpredictable actions of many humans, it would enable Plaintiff to make "crimes be avoid and by Derect Galactic [illegible]," as alleged at the very end of Plaintiff's complaint.

For all these reasons and more, Plaintiff's complaint does not state a plausible claim under Rule 8(a)(2) "showing that the pleader is entitled to relief."[4]

### III. Failure to Meet the Requirements of the *In Forma Pauperis* Statute

The ability to file a federal court complaint *in forma pauperis* without paying the normal

---

[4]The court notes that it recently dismissed an action Plaintiff brought against Defendant because, after careful consideration of his complaint in that case, the court still could not understand Plaintiff's claim. Plaintiff was advised by the court to follow Rule 8's requirement that Plaintiff give "a short and plain statement of the claim showing that the pleader is entitled to relief" in any future filings. Plaintiff has again failed to meet that requirement in this action.

filing fee is a statutory privilege that Congress has provided for those without the means to make such payments. But because such persons lack the normal economic incentive to refrain from filing claims that may be frivolous, repetitive or otherwise obviously lacking in merit, that privilege is hedged up by the statutory restriction that "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). Interpreting the pre-1996 version of this statute, the Supreme Court has declared that § 1915 gives courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples . . . are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989).

The court's analysis above shows that Plaintiff's complaint meets this definition of being baseless or frivolous. *Cf. Hafen v. Carter*, 274 Fed. Appx. 701, 702-03 (10th Cir. 2008) (affirming the sua sponte dismissal of an *in forma pauperis* complaint by district court under the factually frivolous prong of § 1915 where a *pro se* plaintiff claimed he had been deprived of a contract to buy one large parcel of land from the state of Utah, and deprived from using another such parcel for the building of a solar city, and he had taken leave from his job to work with his personal friend Governor Schwarzenegger so he could help all western states with water and

power issues). Plaintiff's complaint is incredible and irrational; therefore, Plaintiff's complaint should be dismissed as frivolous under § 1915.[5]

## RECOMMENDATION

Based on the above analysis, the court concludes that Plaintiff has failed to satisfy exhaustion of administrative remedies required under FOIA and has failed to state an intelligibly plausible and non-frivolous claim for relief. Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections upon subsequent appellate review.

DATED this 25th day of March, 2010.

BY THE COURT:

SAMUEL ALBA
United States Magistrate Judge

---

[5] The court notes that it has dismissed as being "totally frivolous" at least one other *in forma pauperis* action brought by Plaintiff in the past. *See Stephenson v. FBI*, 1:92-CV-50-DKW.