# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| PAUL STEPHENSON,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>Case No. 2:09-cv-905-CW<br><br>District Judge Clark Waddoups |

Before the court is Plaintiff Paul Stephenson's ("Stephenson") motion to reopen and motion for recusal. Stephenson's original complaint was dismissed by this court on May 17, 2010[1] following a report and recommendation by Magistrate Judge Alba.[2] Through a thorough analysis of the complaint and the law that governed it, Judge Alba concluded, and this court agreed, that Stephenson's complaint should be dismissed because it "failed to state an intelligibly plausible and non-frivolous claim for relief" and because Stephenson "failed to satisfy exhaustion of administrative remedies required under FOIA."[3]

To warrant a motion to reconsider,[4] a plaintiff must show: (1) an intervening change in

---

[1] *See* Order Adopting Report and Recommendation (May 17, 2010) (Docket No. 10).

[2] *See* Report and Recommendation (Mar. 26, 2010) (Docket No. 9).

[3] *Id.* at 9.

[4] The phrase "motion to reopen" is used interchangeably with "motion to reconsider." *See Mendiola v. Holder*, 585 F.3d 1303, 1304 (10th Cir. 2009) (quoting 8 C.F.R. § 1003.2(d)).

the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[5] Plaintiff in his motion for reconsideration has not attempted to meet any of these standards but has instead simply reiterated the importance of his claim. While the court does not deny that the complaint is important to Stephenson, it does find that such pleading is insufficient to warrant reopening a case that has been decided on its merits.

Stephenson also asks this court to remove the judge for prejudice.[6] The Tenth Circuit has explained that "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality."[7] Stephenson has not attempted to plead any facts or allegations to show that either Judge Alba or Judge Waddoups was partial and therefore fails to meet this burden. Additionally, because the court denies Stephenson's motion for reconsideration, his motion to remove is moot.

## CONCLUSION

For the reasons above, the court DENIES Stephenson's Motion to Reopen and Motion to Remove on the grounds that both are unsupported by sufficient pleadings.[8]

---

[5] *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[6] While Stephenson does not clarify as to which judge he is referring, this court will assume that he is asking that Judge Waddoups be removed.

[7] *United States v. Stewart*, 378 F. Appx. 773, *3 (10th Cir. 2010) (quoting *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006)).

[8] Docket No. 12.

DATED this 12th day of November, 2010.

                                                  BY THE COURT:

                                                  _____
                                                  Clark Waddoups
                                                  United States District Judge